

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 18, 1970

Honorable John Henry Tatum
County Attorney
Angelina County
P. O. Box 582
Lufkin, Texas 75901

Opinion No. M-752

Re: Authority of Commissioners
Court to order proceeds from
the sale of hospital bonds to
be deposited with County
Treasurer pending construction
of hospital improvements.

Dear Mr. Tatum:

You have requested our opinion as to proper custodian of the pro-
ceeds received from the sale of Angelina County Hospital bonds pending
construction of hospital improvements. Specifically you have asked if it
was proper for the Commissioners Court to place these proceeds in the
hands of the hospital's Administrator or whether these funds should have
been turned over to the County Treasurer for deposit.

Article 4478, Vernon's Civil Statutes, provides as follows:

"The Commissioners Court of any county shall
have power to establish a county hospital and to enlarge
any existing hospitals for the care and treatment of per-
sons suffering from any illness, disease or injury, sub-
ject to the provisions of this chapter . . . Where any
such proposition shall receive a majority of the votes of
the qualified property taxpayers voting at such election,
said Commissioners Court shall establish and maintain
such hospital and shall have the following powers:

"1. . . .

"2. To purchase or erect all necessary buildings,
make all necessary improvements and repairs and alter
any existing buildings, for the use of said hospital . . .

-3662-

"3. . . .

"4. To issue county bonds to provide funds for the establishing, enlarging and equipping of said hospital and for all other necessary permanent improvements in connection therewith; . . .

"5. To appoint a board of managers for said hospital." (Emphasis added. )

Article 4479, Vernon's Civil Statutes, provides, in part, as follows:

"When the Commissioners Court shall have acquired site for such hospital and shall have awarded contracts for the necessary buildings and improvements thereon, it shall appoint six (6) resident property tax-paying citizens of the county who shall constitute a board of managers of said hospital . . . The managers shall be allowed their actual and necessary traveling and other expenses within this state to be audited and paid by the Commissioners Court in the same manner as other expenses of the hospital . . ." (Emphasis added. )

Article 4480, Vernon's Civil Statutes, further states:

"The board of managers shall elect from among its members a president, and one or more vice-presidents and a secretary and a treasurer. It shall appoint a superintendent of the hospital who shall hold office at the pleasure of said board . . . Said board shall fix the salaries of the superintendent and all other officers and employees within the limits of the appropriation made therefor by the Commissioners Court . . . The board shall have the general management and control of the said hospital, grounds, buildings, officers and employees thereof; . . ." (Emphasis added. )

Article 4484, Vernon's Civil Statutes, states in part, as follows:

". . . The board shall certify all bills and accounts,

including salaries and wages, and transmit them to the <u>Commissioners' Court, who shall provide for their payment in the same manner as other charges against the county are paid.</u>

"The board of managers shall make to the commissioners court . . . a detailed report of the operation of the hospital . . . and shall furnish full and detailed estimates of the appropriations required during the ensuing year for all purposes, including maintenance, <u>the erection of buildings, repairs,</u> renewals, extensions, <u>improvements,</u> betterments or other necessary purposes." (Emphasis added.)

With regard to authority and responsibilities of a Superintendent of any such hospital, we refer you to Article 4485, Vernon's Civil Statutes, which reads, in part, as follows:

"The Superintendent shall be the chief executive officer of the hospital, but shall at all times be subject to the by-laws, rules and regulations thereof, and to the powers of the board of managers.

"He shall, with the consent of the board of managers, equip the hospital with all necessary furniture, appliances, fixtures and all other needed facilities for the care and treatment of patients, and for the use of officers and employees thereof, and shall purchase all necessary supplies, <u>not exceeding the amount provided for such purposes by the commissioners court.</u>

". . .

"He shall cause proper accounts and records of the business and operations of the hospital to be kept regularly *from day to day in books and on records* provided for that purpose; and shall see that such accounts and records are correctly made up for the annual report

> as required by this law, <u>and present the same
> to the board of managers who shall incorporate
> them in their report to the commissioners court.</u>
>
>       ". . .
>
>       "<u>He shall collect and receive all moneys
> due the hospital, keep an accurate account of the
> same, report the same at the monthly meeting of
> the board of managers, and transmit the same to
> the county collector within ten days after such
> meeting.</u>" (Emphasis added.)

In prior opinions of this office it has been held that the "county collector" as referred to in Article 4485, V. A. T. S. is the "county treasurer" and proper custodian of county funds. Attorney General Opinions O-6433 (1945), V-1100 (1950) and V-1265 (1951); Article 1709, V. C. S.

There is no provision in the law which authorizes the Board of Managers or the Superintendent to be the custodian of any funds received or to be received for and on behalf of a county hospital. The only reference made to any such limited authority deals with the temporary receipt, by the hospital Superintendent, of monies generated by the operation of said hospital, and which must be accounted for monthly to the Board of Managers of said Hospital and deposited ten days thereafter with the County Treasurer.

It should be clear from a reading of the statutes involved that all funds, be they proceeds from the sale of hospital bonds, monies generated by the operation of said hospital, or funds of any other nature or source, should be deposited with the County Treasurer.

Although the management of the county hospital is vested in the Board of Managers and hospital Superintendent, the Commissioners Court must approve all expenditures on behalf of said hospital prior to their actual payment by the County Treasurer. There would be no need for any funds to be deposited with the Superintendent or the Board of Managers, for they have no authority to make any cash expenditures. Attorney General's Opinion V-510 (1948.)

## SUMMARY

The Commissioners Court should order the proceeds realized from the sale of county hospital bonds deposited with the county treasurer pending completion of proposed construction or improvements to county hospital.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert B. Davis
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Phil Warner
Tom Fortescue
Max Hamilton
Ivan Williams

Meade F. Griffin
Staff Legal Assistant

Alfred Walker
Executive Assistant

Nola White
First Assistant